FILED

2017 MAR -1 AM 10:39

JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:17-cv-237-J-20MCR

MILLER ELECTRIC COMPANY, INC.

Plaintiff,

vs.

VEC, Inc. an Ohio Corporation

Defendant.

_______________________________________/

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff, Miller Electric Company ("Miller"), by and through undersigned counsel, hereby sues the Defendant VEC, Inc. ("EVETS/VEC") for declaratory relief and/or damages and in support states as follows:

## JURISDICTION AND VENUE

1. As to the Damage claims; this is an action for damages in excess of $75,000.00, exclusive of interests and costs, and the amount in controversy exceeds the sum or value specified by 28 U.S.C. Section 1332.

2. As to the Declaratory Action; this amount in controversy exceeds $75,000.00, exclusive of interests and costs, and this Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. Sections 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

3. At all time material hereto, Plaintiff Miller, is a Florida Corporation with its principal place of business in Jacksonville, Florida.

4. At all times material hereto, Defendant EVETS/VEC, is an Ohio Corporation with its principal place of business in Girard, Ohio. In October 2015, with an effective date of January 1, 2016, Evets Electric, Inc. merged with Valley Electrical Consolidated, Inc. (Valley Electrical Consolidated, Inc. was merged out of existence) and Evets Electric, Inc. (the surviving entity), changed its name to VEC, Inc. (A copy of the merger and name change documentation is attached hereto as Exhibit "A").

5. Venue is proper in the United States District Court, Middle District, Jacksonville Division, pursuant to Section 11.4 of the subcontract entered into between Miller and EVETS/VEC dated March 27, 2015 (attached hereto as Exhibit "B" and redacted to omit pricing and trade secrets) which states "Florida law shall govern this Subcontract and exclusive venue of any dispute relating to this Subcontract shall be in Duval County, Florida."

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

6. At all times material, Miller was and remains an electrical contracting company.

7. On or about September 20, 2014, Miller entered into a subcontract with the Haskell Company, Inc. ("Haskell") to perform electrical contracting services in connection with a construction project in Bucks County, Pennsylvania, owned by Roundtop Energy, LLC ("Roundtop") to which Haskell was the Prime Contractor. The project is commonly referred to as Roundtop Facility (22641301-009) ("Roundtop Facility").

8. On or about March 27, 2015, in connection with Miller's work at the Roundtop Facility, Miller entered into a subcontract with EVETS/VEC (the "subcontract"). A copy of the subcontract (redacted to omit price and trade secret information) is attached hereto as Exhibit "B".

9. In June 2015, in connection with its work under the subcontract, EVETS/VEC caused damage to an underground electrical conduit at the Roundtop Facility by piercing it with a ½" piece of re-bar.

10. EVETS/VEC called out a company, Flow Data Industries, Inc. ("Flow Data"), to effectuate the repairs to the underground conduit at the Roundtop Facility that was damaged by EVETS/VEC actions described in paragraph 9, *supra.*

11. Flow Data effectuated the repairs to the conduit at the Roundtop Facility pursuant to EVETS/VEC's request and agreement.

12. At the conclusion of the repairs, Flow Data issued its invoice to EVETS/VEC for the repairs to the conduit in the amount of $79,160.00 (the "Flow Data invoice").

13. EVETS/VEC failed to pay the Flow Data invoice.

14. As a result, Flow Data sued EVETS/VEC, Haskell (as Prime Contractor) and Roundtop Energy LLC (as owner of the property) as well as IMG Midstream, LLC (alleged to also be an owner of the property) in the Court of Common Pleas in Buck's County, Pennsylvania (the "Flow Data Suit") seeking payment of the Flow Data invoice. A copy of the Complaint in the Flow Data Suit is attached hereto as part of Composite Exhibit "C".

15. After being sued, Haskell then sued Miller as an additional Defendant in the Flow Data Suit. A copy of the Haskell Complaint joining Miller is attached hereto as part of Composite Exhibit "C".

16. Upon Miller receiving the Summons and Complaint in the Flow Data Suit, on July 29, 2016, Miller made demand upon EVETS/VEC for Indemnification pursuant to Article 13 of the subcontract (the "Tender"). A copy of the Tender is attached hereto as Exhibit "D".

17. EVETS/VEC has not accepted the Tender and has not provided indemnification or a defense to Miller. This failure to accept the Tender and failure to provide the defense to Miller is effectively a denial of the Tender by EVETS/VEC.

## COUNT I- ACTION FOR DECLARATORY RELIEF

18. Miller re-alleges paragraphs 2-17 as if fully set forth herein.

19. Under the subcontract, Florida law governs.

20. Under 86.021, Fla. Stat., a person claiming to be interested or who may be in doubt about his or her rights under a contract may have a court determine any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

21. Under Section 86.031, Fla. Stat., a contract may be construed either before or after there has been a breach.

22. As stated *supra*, Miller believes that EVETS/VEC is required to indemnify it and provide a defense to Miller, Haskell, and Roundtop for the claims made by Flow Data in the Flow Data Suit under the subcontract between Miller and EVETS/VEC as well as the claims brought by the Haskell Company against Miller in the Flow Data Suit.

23. In particular, Section 13 of the subcontract provides:

> At a minimum Subcontractor [EVETS/VEC] shall defend, indemnify and hold harmless Miller Electric the Prime Contractor [The Haskell Company], the Owner [Roundtop Energy] and Architect/Engineer against claims or suits for injury, sickness, or death of persons or damage or loss to property (including damage to the Project and loss of use claims) to the extent caused by the acts or omissions of Subcontractor, its employees, agents, independent contractors, or suppliers arising out of or related to the performance of this Subcontract, whether or not caused in part by Miller Electric or others.

24. In addition, Section 11.4 of the subcontract also provides for Miller to recover its reasonable attorney's fees and costs, including expert witness fees.

25. Miller is unclear as to why EVETS/VEC has not accepted the Tender and as such Miller seeks a declaration of its rights under the subcontract.

26. Based upon the foregoing, there exists a bona fide dispute for which the parties require this Court to determine the respective party's rights and duties under the subcontract.

27. Miller is seeking a declaration of its rights/obligations by this Court concerning the subcontract under Section 86.021, Fla. Stat.

28. In the alternative, Miller is seeking a declaration of its rights/obligations concerning the Agreement under the Declaratory Judgment Act, 28 U.S.C. Sections 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

29. Based on the foregoing, Miller is seeking this Court to enter its judgment in favor of Miller by declaring that EVETS/VEC is required to indemnify Miller for any and all claims in connection with the Flow Data suit under the subcontract including but not limited to any and all claims for indemnity brought by The Haskell Company and Roundtop Energy, as well as a declaration that Miller is entitled to its reasonable attorneys fees and costs incurred in connection with the Flow Data suit and the bringing of this action.

WHEREFORE, Miller is seeking this Court to enter its judgment in favor of Miller by declaring that EVETS/VEC is required to indemnify Miller for any and all claims in connection with the Flow Data Suit under the subcontract including but not limited to any and all claims for indemnity brought by The Haskell Company and Roundtop Energy, as well as a declaration that Miller is entitled to its reasonable attorneys fees and costs incurred in connection with The Flow Data Suit and the bringing of this action.

## COUNT II BREACH OF CONTRACT

30. Miller re-alleges paragraphs 1 and 3-17 as if fully set forth herein.

31. Miller and EVETS/VEC entered into the subcontract.

32. Evets/VEC has breached the subcontract by failing to pay the Flow Data invoice and/or by failing to accept Miller's Tender in connection with the Flow Data Suit as required under the subcontract.

33. As a result of EVETS breach of the subcontract, Miller has been damaged in excess of $75,000.00, exclusive of interest, attorney's fees and costs.

34. Under the subcontract Miller is entitled to recover its reasonable attorney's fees and costs in connection with the breach.

WHEREFORE, Miller is seeking this Court to enter its judgment in favor of Miller in excess of $75,000.00 exclusive of interest attorney's fees and costs as a result of EVETS/VEC's breach of the subcontract as well as an award of Miller's reasonable attorney's fees and costs in connection with the Flow Data Suit and the bringing of this action.

Respectfully submitted this 26 day of February, 2017.

Richard A. Jarolem, Esquire
Florida Bar No. 74950
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLC
11770 US Highway One, Suite 402E
Palm Beach Gardens, Florida 33408
Telephone: (561) 848-8300
*Email Designations:*
*RJarolem@traublieberman.com*
*PBGPleadings@traublieberman.com*